UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| William Jones, #286863,<br><br>       Plaintiff,<br><br>vs.<br><br>South Carolina Department of Corrections;<br>Sgt. Robert Dixon;<br>Sgt. Greyboy;<br>Sgt. Richardson;<br>Sgt. Moore; and<br>SCDC Medical,<br><br>       Defendants. | )  C/A No. 2:05-2962-HMH-RSC<br>)<br>)<br>)<br>)<br>)<br>)     Order<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

_____

   This matter is before the court because of the plaintiff's failure to comply with the undersigned's order of October 3, 2005.

   The October 3, 2005 order directed the plaintiff to reply to the Court's special interrogatories. The order also directed the plaintiff to keep the Clerk of Court advised **in writing** (**Post Office Box 835, Charleston, South Carolina 29402**) if his address changed for any reason, so as to assure that orders or other matters that specify deadlines to be met would be received by the plaintiff. Furthermore, the plaintiff was notified that failure to comply with this order would result in dismissal, without prejudice, of the plaintiff's case. The plaintiff returned the interrogatories to the Clerk's Office, but he did not indicate, in writing, that he had been moved to another institution. The return address on the envelope, however, indicated that the plaintiff was located at 430 Oaklawn Drive (Perry Correctional Institution), not 4344 Broad River Road where the plaintiff was incarcerated when he filed his complaint.

   Subsequently, a second order was sent to the plaintiff asking him to provide the Court with documents needed to bring the case into proper form within twenty days, plus three additional days for mail time. This second order was mailed to 430 Oaklawn Drive, the address found on the envelope of the most recent correspondence from the plaintiff. The plaintiff failed to respond to this second order within the deadline set by the Magistrate Judge.

   As a result, Clerk's Office personnel searched the South Carolina Department of Corrections (SCDC) inmate registry to determine plaintiff's whereabouts. The registry indicated that plaintiff was located at the Gilliam Psychiatric Institute, which is located at 4344 Broad River Road, the initial address provided by plaintiff when he filed his complaint. Therefore, the second order was re-sent to the Gilliam Psychiatric Institute, and a new deadline was set. The plaintiff has still not

responded to this second order, the time to do so has run, and the plaintiff has not provided the Clerk's Office with a change of address as directed in the October 3, 2005 order, which plaintiff clearly received, because he returned the Court's interrogatories to the Clerk's Office.

Since the plaintiff has failed to provide the Clerk's Office with a current mailing address in compliance with the October 3, 2005 order, and Court personnel have made all reasonable attempts to locate the plaintiff, it is ORDERED that the above-captioned case be dismissed *without prejudice* pursuant to Federal Rule of Civil Procedure 41 (a)(2). [*]

IT IS SO ORDERED.

s/Henry M. Herlong
United States District Judge

Greenville, South Carolina
April 13, 2006

---

[*] Under the General Order filed on November 1, 2005 (Misc. No. 3:05-5010-JFA), this dismissal *without prejudice* does *not* count as a "strike" for purposes of the "three strikes" provision of 28 U.S.C. § 1915(g). If the plaintiff/petitioner wishes to bring this action in the future, he should obtain new forms for doing so from the Clerk's Office.